FOURTH DEPARTMENT, DECEMBER, 1968

(December 5, 1968)

■ FREDERICK W. KNATLER et al., on Behalf of Themselves and All Other Residents or Property Owners in the City of Lockport Similarly Situated, Appellants, v. M & M AFFILIATES, INC., et al., Respondents.— Judgment and order entered February 26, 1968 insofar as it (1) granted motion of defendants, M & M Affiliates, Inc., and City of Lockport, for summary judgment, (2) dismissed the complaint, and (3) directed cancellation of the notice of pendency reversed on the law and facts and motion denied with costs to appellants. Memorandum: On November 8, 1967 the Common Council following a public hearing adopted an amendment to the Zoning Ordinance of the City of Lockport which rezoned some 8½ acres of vacant land owned by defendant

M & M Affiliates, Inc. (M & M) from an R-2 area (single and two-family residences) to an R-3 area. The latter classification permits multiple family dwellings — for which purpose allegedly M & M proposed to use its land — but in addition a wide variety of uses such as rooming houses, hospitals, dancing schools and professional office buildings. Thereafter this action to test the validity of the amendment and to restrain M & M from proceeding with construction of the apartment structure was commenced. Special Term granted the motion of M & M and the city for summary judgment and dismissed the complaint. This we conclude was error. Triable issues are presented. These issues must be decided in the light of the principles enunciated in *Udell* v. *Haas* (21 N Y 2d 463) decided a few days after the decision of Special Term herein. In *Udell* it was written (p. 470) that "our courts must require local zoning authorities to pay more than mock obeisance to the statutory mandate that zoning be 'in accordance with a comprehensive plan'. There must be some showing that the change does not conflict with the community's basic scheme for land use." This and the other issues tendered by plaintiffs should be fully explored upon trial and decided. All concur, except Williams, J., who dissents and votes to affirm, in the following Memorandum: In reversing, the majority of the court relies upon the case of *Udell* v. *Hass* (21 N Y 2d 463). The facts in the *Udell* case are not at all comparable to the facts in the present case. That case required a simple reversal. The opinion in *Udell* decided that it was not shown that the rezoning was "in accordance with a comprehensive plan" (p. 470). One need not look beyond the facts of that case to determine that there a comprehensive plan required a change. In the present case, it appears definitely that, after hearings, the local legislative body determined that it would be for the best interests of the city in general that the change be made. The property immediately adjoining both the property of the objectors and the property rezoned, was zoned "heavy industrial" and had been occupied by Lockport Mills, Inc. Although it was not so used at the time of the change, it is still so zoned and can still be used for heavy industry. Further, the industrial building of Lockport Mills still stands. At one time the rezoned property was occupied by the Williamson Ice Pond Company, which manufactured artificial ice, but that business has been discontinued. Apparently Remick Parkway East is unpaved and undeveloped, has been so for many years, and is a "paper street". There has been no construction on either side up to the line of the rezoned property. The rezoned land was considered marsh land, and most of it was approximately eight to eight and one-half feet lower than the street level and was at times filled with stagnant water. It appears that the land on Remick Parkway East is not desirable as residential property, at least, there seemed to be no great demand for it for such purposes. The uses to which the property here involved can be put as an R-3 district do not seem to be at all offensive to the plaintiffs' permitted use in an R-2 district, although that is not the sole determining factor. At the end of Remick Parkway East, there is a union hall with a large parking lot. There are stores in the neighborhood and a barber shop. The City of Lockport is comparatively small geographically, and there can be no doubt that the Lockport City authorities were fully cognizant of the nature of this property as well as other properties in the city. It does not seem that the Court of Appeals in *Udell* intended to change the long and well established rule that there is a heavy presumption of constitutional validity that attaches to legislation purportedly under the police power and that the burden of proving in every case that the legislation was unconstitutional is on those who would seek to establish its invalidity. In

fact, the opinion recognizes that rule (p. 469). Any deviation from the long and well established rule as to the presumption of validity and the burden of proof could cause a great deal of confusion and much unnecessary litigation. That being so, the record fully sustains the fact that the change was "in accordance with a comprehensive plan" and that the change does not conflict with the community's basic plan for land use. At least, the petitioners have not carried the burden of proving that this was not fully and properly considered. Hearings were had at which time the objectors and others were given full opportunity to present proof. They showed little but vexation. The legislative findings disclose that the local Legislature considered the change as part of a comprehensive and desirable plan. Sending this case back for proof that the rezoning accorded with a comprehensive plan, however that proof may be established, seems fruitless and unnecessary. There are no questions of fact disclosed by the record. · The judgment should be affirmed. (Order entered Dec. 3, 1968). (Appeal from judgment of Niagara Supreme Court, in declaratory judgment action.) Present — Bastow, P. J., Williams, Goldman, Del Vecchio and Henry, JJ.